RECEIVED
IN LAKE CHARLES, LA.

JUN ~ 8 2015

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANGELA SONNIER, ET AL., | * | CIVIL ACTION NO. 2:14-cv-3377 |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | JUDGE MINALDI |
| | * | |
| JASADA TRUCKING, INC., ET AL., | * | |
| | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court are two motions that shall be ruled on simultaneously due to the interconnectivity of the issues therein. The first motion before the court is the plaintiffs' Motion to Strike Defendants' Motion to Set Aside Default Judgments [Doc. 17], to which the defendants have filed a Response [Doc. 20]. The second motion is the defendants' Motion to Set Aside Default Judgments [Doc. 13], to which the plaintiffs have filed a Response [Doc. 19]. For the following reasons, the plaintiffs' Motion to Strike [Doc. 17] is **DENIED,** and the defendants' Motion to Set Aside Default Judgments [Doc. 13] is **DENIED.**

## FACTS & PROCEDURAL HISTORY

Angela Sonnier was involved in an automobile accident on June 12, 2013, with Frederick J. Tarr ("Tarr"), an employee of JASADA Trucking, Inc ("JASADA").[1] Northland Insurance Company provided insurance for JASADA.[2] On May 29, 2014, Angela Sonnier filed suit against Tarr, JASADA, and Northland Insurance Company in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana.[3]

---

[1] Pet. for Damages [Doc. 1-2] ¶¶ 5, 8.
[2] *Id.* ¶ 6.
[3] *See id.*

1

On June 13, 2014, the plaintiffs attempted to serve JASADA via the Louisiana Long Arm Statute by personally mailing the required documents via certified mail, return receipt requested.[4] The postal service attempted to serve certified copies of the Long-Arm Citation, Petition for Damages, and Plaintiffs' First Set of Unified Discovery Requests upon JASADA on three different dates.[5]  After service was attempted, the copies were returned to the sender as "Unclaimed."[6] Thereafter, the Affidavit of Non-Service was filed on July 30, 2014.[7]

The plaintiffs also attempted to serve Tarr via the Louisiana Long Arm Statute by personally mailing the required documents via certified mail, return receipt requested, on June 13, 2014.[8]  The postal service attempted to serve certified copies of the Long-Arm Citation, Petition for Damages, and Plaintiffs' First Set of Unified Discovery Requests to Defendant on June 17, 2014.[9]  After service was attempted, the copies were returned to the sender as "Refused."[10] The Affidavit of Non-Service was then filed on July 30, 2014.[11]

A preliminary default on liability was entered against JASADA on September 2, 2014, and the default was confirmed on September 17, 2014.[12]  A preliminary default on liability was also entered against Tarr on September 2, 2014, and confirmed on September 17, 2014.[13]  The evidence used in confirming the default was the oral testimony of Angela Sonnier, a police report containing statements by Tarr taken at the time of the accident, and a photograph.[14]

---

[4] Aff. of Non-Service [Doc. 19-1].
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] Aff. of Non-Service [Doc. 19-2].
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] J. by Default [Doc.19-7], at 4.
[13] *Id.* at 2.
[14] Confirmation of Default Hr'g Mins. [Doc. 19-7].

The defendants removed the above-captioned case on December 5, 2014, citing the court's diversity jurisdiction.[15]  The Motion to Set Aside Default Judgments [Doc. 13] was filed on March 5, 2015.[16]  The plaintiffs' Motion to Strike [Doc. 17] was filed on March 21, 2015.[17]

## LAW & ANALYSIS

### I.   Plaintiffs' Motion to Strike

The plaintiffs assert that the defendants' Motion to Set Aside Default Judgments should be struck because the defendants did not revive their motion quickly enough after removal.  The defendants point out that the Local Rules for the United States District Court for the Western District of Louisiana ("Local Rules") specify no time limit for reviving motions after removal.

The Removal Order stated that pending motions in state court must be refiled in proper form in this court, or the motions would be treated as if they were never filed.[18]  However, the Local Rules set forth no time period within which a party is to revive pending motions.  *See* W.D. La. Local R. 7.1-7.9.

There is no indication that the Local Rules were not followed in this case.  The court at this time declines to consider the circumstance under which motions may not be revived even if filed in accordance with the Local Rules.

### II.   Whether Preliminary Default Was Proper

The defendants argue that the provisions of the Louisiana Long Arm Statute were not strictly followed, and therefore, the entries of the default judgments against the defendants were

---

[15] *See* Not. of Removal [Doc. 1].
[16] *See* Mot. to Set Aside Default Js. [Doc. 13].
[17] *See* Mot. to Strike [Doc. 17].
[18] Removal Order [Doc. 5], at 1.

absolutely null.[19]  They also allege that the plaintiffs engaged in ill practices because they did not

attempt to notify the defendants' attorney prior to obtaining the default judgment.[20]

### a. Service on JASADA and Tarr

A final judgment shall be annulled if it is rendered against a defendant who has not been

served with process as required by law and who has not entered a general appearance, or against

whom a valid judgment by default has not been taken.  LA. CODE CIV. PROC. art. 2002.

Louisiana Revised Statute 13:3204 sets forth the mandatory manner in which service of process

must be made in a suit brought under the long-arm statute:

**§ 3204. Service of process**
A.  In a suit under R.S. 13:3201, a certified copy of the citation . . . shall be sent . . .
    to the defendant by registered or certified mail, or actually delivered to the
    defendant by commercial courier, when the person to be served is located outside
    of this state or by an individual designated by the court in which the suit is filed,
    or by one authorized by the law of the place where the service is made to serve
    the process of any of its courts of general, limited or small claims jurisdiction.

B.  If service of process cannot be made on the nonresident by registered or certified
    mail or by actual delivery, the court shall order that service of process be made on
    an attorney at law appointed to represent the defendant pursuant to Code of Civil
    Procedure Article 5091.

LA. REV. STAT. § 13:3204.  "[A]ll that is necessary to constitute service upon a non-

resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the

citation and of the petition in the suit to the defendant by registered or certified mail, or actually

deliver it in person." *McFarland v. Dippel*, 756 So.2d 618, 622 (La. Ct. App. 2000).  Refusal of

service constitutes valid service of process. *Power Mktg. Direct, Inc. v. Foster*, 938 So.2d 662,

667 (La. 2006).  A party can neither defeat service by merely refusing to accept a letter

containing a citation nor by refusing to claim a certified letter at the post office. *McFarland*, 756

So.2d at 622 (internal citations omitted).

---

[19] Mot. to Set Aside Default Js. [Doc. 13] ¶¶ 23-24.
[20] *Id.* ¶¶ 25-26.

JASADA refused to claim its certified letter at the post office, and Tarr refused to accept his certified letter at his home. It was the defendants' own actions that caused them not to receive the certified letters in this action, and therefore, the court finds that service was made on JASADA and Tarr.

### b.  Alleged Ill Practices

Any final judgment obtained by fraud or ill practices may be annulled. LA. CODE CIV. PROC. art. 2004. There are two criteria to determine whether a judgment has been obtained by fraud or ill practice: (1) whether the circumstances under which the judgment was rendered showed deprivation of legal rights of the litigant seeking relief, and (2) whether the enforcement of the judgment would be unconscionable and inequitable. *Power Mktg. Direct, Inc.*, 938 So.2d at 670 (citing *Johnson v. Jones-Journet*, 320 So.2d 533, 537 (La. 1975)). A showing of intentional fraud or wrongdoing is unnecessary. *Id.* at 671 (citing *Smith v. Cajun Insulation, Inc.*, 392 So.2d 398, 402 (La. 1980)). However, the fact that a plaintiff may have knowledge that a defendant has representation is not sufficient to require notice of default. *Mossy Motors, Inc. v. Cameras America*, 851 So.2d 336, 344 (La. Ct. App. 2002).

The above-captioned matter is distinguishable from the cases presented by the defendants. In *Power Marketing Direct*, the Supreme Court of Louisiana found ill practices where a default was entered while there was a parallel proceeding in Ohio. *Power Mktg. Direct, Inc.*, 938 So.2d at 674-75. The holding in that case was that it is an ill practice to "obtain a default judgment without attempting to notify the opposing party when the opposing party . . . is actively defending its rights, and has reasonably relied on the facts, which created the belief that it would be notified of any default action taken in the litigation . . . ." *Id.* at 675. Additionally, *Russell v. Illinois Cent. Gulf R.R.*, 686 So.2d 817 (La. 1997), is distinguishable because the

defendants in that case were participating in litigation proceedings and had inadvertently failed to file an answer to the plaintiff's second amended petition. *Id.* at 819.

JASADA and Tarr received adequate service of process in this matter. They were neither actively defending their rights nor participating in the proceedings. During a hearing, Jan Reeves stated that she was appearing on behalf of Tarr and JASADA but subsequently corrected herself to state that she was appearing solely on behalf of Northland Insurance Company.[21] This is insufficient to show that Tarr or JASADA were participating in proceedings or actively defending themselves. The circumstances do not reflect that JASADA and Tarr either suffered a deprivation of rights or that the default judgment is unconscionable or inequitable.

### III.    Whether the Evidence Used to Confirm Default Was Admissible

The defendants argue that the plaintiffs failed to provide sufficient evidence for the confirmation of default. They assert that the only evidence presented at the confirmation hearing was hearsay evidence and that neither of the plaintiffs testified.[22] However, the minutes from the hearing reflect that Angela Sonnier testified at the hearing, and an accident report and photograph were submitted.[23]

A judgment of default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to confirmation. LA. CODE CIV. PROC. art. 1702A. When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima face case, shall be admissible, self-authenticating and sufficient proof of such demand. LA. CODE CIV. PROC. art. 1702B(2).

---

[21] Improper Cumulation Hr'g Tr. 2014-2137 Sept. 9, 2014 [Doc. 13-2], at 3-4.
[22] Mem. in Supp. of Mot. to Set Aside Default Js. [Doc. 13-1], at 8.
[23] Confirmation of Default Hr'g Mins. [Doc. 19-7].

"To obtain reversal of a confirmation of default judgment, the defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and that it is legally correct." *Assamad v. Percy Square & Diamond Foods, L.L.C.*, 993 So. 2d 644, 646-47 (La. Ct. App. 2008) *writ denied sub nom. Assamad v. Square*, 996 So. 2d 1077 (La. 2008).  However, this presumption does not apply where the record contains a note of evidence introduced.  *Id.* at 647 (citing *Grevemberg v. G.P.A. Strategic Forecasting Grp., Inc.*, 959 So.2d 914, 917–18 (La. Ct. App. 2007)).

Statements made by a party in a police report are exceptions to the hearsay rule as party admissions.  *See Martinez v. Aetna Ins. Co.*, No. Civ. A. 97-2388, 1999 WL 169434, at 3 (E.D. La. Mar. 24, 1999).[24]  Tarr stated in the police report that one of his tires had a blowout and that Angela Sonnier then ran over the tire.[25]  He also told the officer at the scene that his employer was JASADA.[26]  Additionally, and more importantly, the minutes show that Angela Sonnier testified at the hearing.[27]  The defendants have not shown that the confirmation of default was not supported by sufficient evidence.

Lake Charles, Louisiana, this 4 day of _____May_____, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[24] It is appropriate to seek guidance from federal jurisprudence interpreting the analogous federal rule because the Louisiana Code of Evidence is largely modeled after the provisions of the Federal Rules of Evidence. *See Walley v. Vargas*, 104 So.3d 93, 100 n. 5 (La. Ct. App. 2012).
[25] Police Report [Doc. 19-8], at 6.
[26] *Id.* at 2.
[27] Confirmation of Default Hr'g Mins. [Doc. 19-7].